IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID M. HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-010 |
| | ) | |
| WILLIAM TERRY, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Central State Prison in Macon, Georgia, brought the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Nelson.

### I.  BACKGROUND

Petitioner was indicted by a grand jury on April 22, 2003, for four counts of child molestation and two counts of contributing to the delinquency of a minor. (Doc. no. 5, Ex. 5, pp. 100-04). Petitioner was tried before a jury and was convicted of three counts of child molestation. (Id. at 154). Petitioner was sentenced on December 3, 2004, to a "split"

---

[1] Petitioner is incarcerated at Central State Prison where the current warden is William Terry. Therefore, as the proper Respondent in this action is William Terry, the warden at Central State Prison, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute William Terry as Respondent in this case.

sentence of twenty years of incarceration, to serve fifteen (15) years of incarceration for each count, to be served concurrently. (Id.). Petitioner changed counsel and appealed his convictions and sentences.[2] (Id.). Petitioner's sentence and convictions were affirmed. (Id.).

On July 25, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Bibb County. (Id., Exs. 1, 2). Petitioner raised the following claims in his state habeas petition:

> (1) He received ineffective assistance of appellate counsel because Mr. Johnson allegedly failed to raise on appeal a claim of ineffective assistance of trial counsel. Petitioner claims that trial counsel was ineffective for failing to object to the misapplied rape shield statute in violation of the Sixth, Eighth, and Fourteenth Amendments; and
>
> (2) Error of the trial court in that the trial court relied on the rape shield statute to exclude testimonial evidence from defense witnesses concerning the child victim's prior sexual history.

(Id.). Petitioner's state habeas corpus claims were denied on April 21, 2008. (Id.). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on November 13, 2008. (Id., Ex. 3). Next, Petitioner filed a motion for reconsideration that was dismissed as untimely. (Id., Ex. 4).

Petitioner then timely filed the above-captioned petition, raising two grounds for relief:

> (1) He received ineffective assistance of appellate counsel because Mr. Johnson allegedly failed to raise on appeal a claim of ineffective assistance of trial counsel. Petitioner claims that trial counsel was ineffective for failing to object to the misapplied rape shield statute in violation of the Sixth, Eighth, and Fourteenth Amendments; and

---

[2]Petitioner was represented by James F. Findlay, Esquire, at his trial, and was represented by Peter Johnson, Esquire ("Mr. Johnson"), on appeal.

2

(2) His due process rights were violated on appeal in that Mr. Johnson did not review transcripts from a previous jury trial that was *nol prossed*. Petitioner maintains that his family was told that there were no transcripts, but the transcripts were found after his habeas hearing.

(Doc. no. 1). Respondent submits that Petitioner is not entitled to relief on his asserted claims and/or that his claims are procedurally defaulted. (Doc. nos. 4, 5).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.

> A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

## III. DISCUSSION

### A. Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state

remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[3] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th

---

[3]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

6

Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a

7

habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[4] A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### B. Petitioner's Defaulted Claim

In Ground Two of his federal habeas petition, Petitioner alleges a violation of due process. Petitioner claims that Mr. Johnson did not review transcripts from a previous jury trial that was *nol prossed*. Petitioner maintains that his family was told that there were no transcripts, but the transcripts were found after his habeas hearing. Petitioner did not raise this claim alleged in Ground Two of his federal habeas petition in any state court. As such, under Georgia's successive petition statute discussed previously, state remedies are no longer available to Petitioner on this claim because this claim would be deemed successive if it were now raised in a second state collateral attack. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d

---

[4]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they . . . infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

8

at 1327. Moreover, Petitioner has presented no valid justification for failing to raise this claim in state court, and therefore he has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of this claim. The Court is aware that Petitioner attached a letter, written by Mr. Johnson's secretary in 2005, that indicates he was having difficulty obtaining the trial transcript. (Doc. no. 1, p. 68). However, Petitioner does not explain what efforts he made to obtain the transcript from 2005 until he filed his state habeas petition in July of 2007. In other words, Petitioner offers no explanation that he acted with due diligence to obtain the transcript from 2005 until 2007. He has therefore failed to show that the factual predicate for this claim could not have been discovered previously through the exercise of due diligence. Nor has Petitioner shown an objective factor external to the defense impeded his efforts to comply with the state procedural rule. For example, Petitioner has not alleged or made any showing that the state denied a request for the transcript. Thus, he has not met his burden of showing that he was denied access to the transcript by a factor beyond his control. See McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir. 1992) (finding that petitioner had not established cause because he did not show that he was denied access to transcript by a factor beyond his control).

Neither, and more importantly, has Petitioner shown that a miscarriage of justice will occur if the Court does not consider this claim. Petitioner has offered no information as to why this transcript is relevant to the instant petition. Indeed, Mr. Johnson, at the state habeas hearing, acknowledge that he failed to raise the rape shield statute issue on appeal, and that it was a viable and valid issue. (Doc. no. 1, Ex. 5). Additionally, Mr. Johnson stated that because the issue should have been raised on appeal, but was not, it suggested that he (Mr.

9

Johnson) had "failed" Petitioner. (Id.). Furthermore, the state habeas court concluded that Mr. Johnson's performance had been deficient. (Doc. no. 5, Ex. 2). Petitioner simply does not explain how he was jeopardized as a result on not having the transcript. Accordingly, the Court concludes that this claim has been defaulted and therefore does not provide a basis for federal habeas relief.

C.     **Ineffectiveness of Appellate Counsel Rejected by the State Court**

In Ground One of his federal petition, Petitioner alleges that he received ineffective assistance of appellate counsel, because Mr. Johnson allegedly failed to raise on appeal a claim of ineffective assistance of trial counsel. Petitioner claims trial counsel was ineffective for failing to object to the misapplied rape shield statute in violation of the Sixth, Eighth, and Fourteenth Amendments. Petitioner presented this claim in his state habeas petition. However, specifically applying the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and Battles v. Chapman, 506 S.E.2d 838 (Ga. 1998), the state habeas court determined that Petitioner's appellate counsel's performance was deficient for his failure to raise a claim against trial counsel for allowing evidence of the victim's prior sexual history to be erroneously excluded at trial.[5]   However the state habeas court also found that Petitioner failed to show prejudice because evidence of the victim's prior sexual relationship was introduced at trial through her own testimony and that of another witness. (Doc. no. 5, Ex. 2).

As correctly noted by the state habeas court, ineffective assistance of counsel claims

---

[5]The rape shield statute did not apply to prosecutions such as Petitioner's, for child molestation, at the time of Petitioner's trial. (Doc. no. 5, Ex. 2, p. 3).

10

are analyzed under the two-prong test set forth by the Supreme Court in <u>Strickland v. Washington</u>.[6] To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his appellate counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. <u>Id.</u> at 694. The facts of <u>Strickland</u>, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied <u>Strickland</u> to the facts of this case. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, [the petitioner] must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Id.</u> (internal citations omitted)).

With regard to the performance prong of <u>Strickland</u>, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." <u>Fugate v. Head</u>,

---

[6]The <u>Strickland</u> test applies to claims of ineffective assistance of both trial and appellate counsel. See <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991).

11

261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [appellate] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, in the appellate context, the Court recognizes that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to

present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). It is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. Id. at 751-52. Indeed, the appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985).

Along with these basic principles concerning ineffective assistance of counsel claims, the Court must also consider the facts underlying Petitioner's convictions. The facts underlying Petitioner's convictions are set forth in the Georgia Court of Appeals decision and, pursuant to § 2254(e)(1), are – presumed to be correct. The facts are as follows:

> [Petitioner] married the victim's mother when the victim was about seven or eight years old. Shortly after the victim's ninth birthday, she decided that she wanted to shave her legs. The victim asked [Petitioner] for permission, and he told her she could shave if she masturbated him. After the victim complied, she told her mother what happened, but the mother did not believe her. On another occasion, [Petitioner] started wrestling with the victim and then held her down on the floor so that she could not get up. [Petitioner] pushed the victim's shorts aside and inserted his fingers into her vagina. The victim testified that she did not tell anyone about this incident. The victim also testified that, beginning when she was about nine years old, [Petitioner] repeatedly touched her breasts and grabbed her when no one else was around.
>
> The evidence also showed that, when the victim was in seventh grade, [Petitioner] asked the victim if she was still a virgin and, if so, whether she wanted to lose her virginity to her boyfriend, who was in eighth grade. The victim said yes, and [Petitioner] gave her a condom and allowed the victim and her boyfriend to have sex in a camper that was parked on the property. The victim also testified that, around the same time, [Petitioner] smoked marijuana with her and showed her different sexual positions by pinning her down and simulating them while on top of her. According to the victim, the last time Hill touched her inappropriately was in June 2002, when he touched her all over and told her that he would give her two marijuana joints for two minutes of sex. The victim told [Petitioner] that she had to go and she left. She immediately told a friend, who contacted the police.

(Doc. no. 5, Ex. 6).

13

In the instant petition, Petitioner alleges, as he did in his state habeas petition, that appellate counsel was ineffective for failing to raise on appeal that trial counsel failed to object when the trial court misapplied the rape shield statute. The state habeas court, noting that Petitioner was convicted in November 2004 of child molestation and contributing to the delinquency of a minor, found that Petitioner was correct in that evidence of the victim's prior sexual history should not have been excluded under the rape shield statute.[7] Thus, the state habeas court determined that Petitioner's appellate counsel's performance was deficient for his failure to raise a claim for ineffective assistance of trial counsel for allowing evidence of the victim's prior sexual history to be erroneously excluded at trial.

However, the state habeas court also determined that Petitioner failed to show prejudice because evidence of the victim's prior sexual relationship was introduced at trial through her own testimony and that of another witness. (Doc. no. 5, Ex. 2). The state habeas court further found:

> Although Petitioner was unable to place additional evidence of the victim's sexual history into evidence at trial, the fact that the victim had a prior sexual

---

[7]The state habeas court explained:

> By November 2004 the rape shield statute had been interpreted as applying to child molestations cases. Krirat v. State, 286 Ga. App. 650, 653 (2007). In March 2005, however, the Georgia Supreme Court held that the rape shield statute applied only to rape prosecutions, and that legislative action would be required to extend the law any further. Id.; Abdulkadir v. State, 279 Ga. 122, 123 (2005). The General Assembly did amend the statute, allowing for the shield provisions to be applicable to prosecutions for rape, aggravated sodomy, aggravated child molestation, and aggravated sexual battery. O.C.G.A. § 24-2-3. These amendments applied prospectively to trials commencing on or after July 1, 2005. Id.

(Doc. no. 5, Ex. 2).

14

relationship was introduced into evidence through her own statements, and those of David Steinmeyer. Thus, the victim's sexual history was in evidence, and any further evidence of this would be cumulative.

(Id.). Thus, the state habeas court determined that Petitioner failed to establish a reasonable probability of a different result but for the error by counsel. Petitioner has presented nothing from which this Court could presume that, but for any of Mr. Johnson's actions, he would not have been convicted. Put another way, Petitioner fails to demonstrate how, if Mr. Johnson had acted differently, the results of the trial would have been different. Petitioner simply does not offer the Court any basis upon which to conclude that he suffered any actual prejudice because of Mr. Johnson's performance. The Court notes that Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to undermine or contradict the factual determinations of the state court. In sum, there is nothing to suggest that the state appellate court's analysis of Petitioner's case contradicted or unreasonably applied Strickland given its determinations of fact. Therefore, Petitioner's claim in Ground One is without merit and does not form a basis for relief.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Terry.

SO REPORTED and RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

15